# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    -vs-                                    CRIMINAL No. 04-2400 LH

JOSE GARCIA-CARDENAS,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant's letter (ECF No. 119), filed January 26, 2015, which the Court construes as Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), and the United States' Motion for Order Regarding Defendant's Ineligibility for Reduce [sic] Sentence (ECF No. 124), filed January 21, 2016.  Counsel for Defendant was appointed on February 13, 2015.  Having reviewed the Motions, the record in this matter, and the relevant law, and otherwise being fully advised, the Court finds that the government's Motion is well taken and will be **granted** and Defendant's Motion is not well taken and will be **dismissed**.

The United States contends that Defendant is ineligible for resentencing because Amendment 782 does not result in a reduction of his total offense level or his sentencing guideline range.  Defendant takes no position on the government's Motion.  United States' Motion ¶ 5.

The Court agrees with the government.  Defendant was sentenced based on 7.727 net kilograms of methamphetamine (actual).  His original base offense level and total offense level were 38, which combined with a criminal history category of I, resulted in a sentencing guideline range of 235 months to 293 months.  The Court sentenced him at the lower end of the range to 235 months imprisonment.

Applying Amendment 782, Defendant's total offense level remains 38 and the guideline sentencing range is the same, 235 to 293 months.  Thus, Amendment 782 does not lower the sentencing range applicable to Defendant and the Court does not have jurisdiction to reduce his sentence.  *See, e.g., United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) ("As the plain language of the statute makes clear, a district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.'" (emphasis in original)).

WHEREFORE,

**IT IS HEREBY ORDERED** that the United States' Motion for Order Regarding Defendant's Ineligibility for Reduce [sic] Sentence (ECF No. 124), filed January 21, 2016; is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 119), filed January 26, 2015, is **DISMISSED FOR LACK OF JURISDICTION**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**